SPANG, CHALFANT & CO., INC., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 58790.   Promulgated November 23, 1934.

*Edward H. Green, Esq.,* and *Norris Darrell, Esq.,* for the
petitioner.
*Wm. E. Davis, Esq.,* for the respondent.

### OPINION.

MORRIS: The respondent having determined a deficiency in income
tax of $6,718.91 for the year 1928, the petitioner brings this proceed-
ing for the redetermination thereof, alleging error in the computa-
tion of the amount of loss sustained by the petitioner upon the dis-
posal of assets acquired by it from the Standard Seamless Tube Co.,
through his refusal to allow the petitioner a basis of cost in excess
of the cost to the Standard Seamless Tube Co. and the failure of the
respondent to allow full depreciation upon property acquired from
that company.

The petitioner is and at all times herein referred to was a corpora-
tion incorporated under the laws of the State of Pennsylvania, en-
gaged in the business of manufacturing steel tubes, pipes, and other
articles. It duly filed, on Form 1120, a consolidated Federal income
tax return for the calendar year 1928 on behalf of itself and its
affiliated corporations.

On January 13, 1928, the petitioner entered into a written agree-
ment with the owners of all of the outstanding capital stock of the
Standard Seamless Tube Co. for the acquisition of their stock in
consideration of the payment of $8,500,000 cash, $3,000,000 of its
bonds, carrying interest from January 1, 1928, $2,000,000 par value
of preferred stock, carrying dividends from January 1, 1928, and
50,000 shares of its common stock. At the time of the signing of
the agreement, the petitioner paid to the parties of the second part
to said contract the sum of $2,000,000 in accordance with its terms.

On February 27 and 28, 1928, the agreement was closed. On
February 27, 1928, there was transferred to petitioner all of the stock
of the Standard Seamless Tube Co. On the same day, immediately
following said transfer, the Standard Seamless Tube Co. conveyed
and transferred all of its assets to petitioner, and the deed of con-

veyance was duly recorded on that day in Allegheny County and Beaver County, Pennsylvania. On the same day, petitioner executed and recorded a mortgage on the property theretofore owned by it and on the property so conveyed to it by the Standard Seamless Tube Co. to secure an issue of first mortgage 5 percent bonds as provided in said agreement. On the following day, to wit, on February 28, 1928, petitioner delivered to the parties to the agreement the consideration payable by it thereunder, to wit:

Cash ($8,500,000 less adjustments and down payment of
  $2,000,000)_____ $6, 396, 058. 40
First mortgage 5 percent bonds, principal amount_____ $3, 192, 000. 00
Preferred stock (20,000 shares of the par value of $100 each)
Common stock (50,000 shares without par value)

Upon the completion of the foregoing transaction, petitioner had outstanding a total of 117,500 shares of preferred stock of the par value of $100 each, and a total of 750,000 shares of common stock without par value. Immediately after the foregoing transaction, the stockholders of the Standard Seamless Tube Co. did not own or control 80 percent of the stock of the petitioner.

During the year 1928 petitioner disposed of certain of the physical property which it had acquired from the Standard Seamless Tube Co. under the circumstances set forth. Petitioner in its income tax return for the year 1928 computed a loss on such sale, taking as a basis the cost to it of said assets. Respondent has reduced the loss by the sum of $41,461.81, on the ground that in determining the loss to petitioner on said sale it was required to take the cost of the assets to the Standard Seamless Tube Co.

In addition to the foregoing stipulated facts, it was further agreed between the parties as follows:

If respondent is correct in requiring petitioner to use the cost basis of the assets to the Standard Seamless Tube Co. for determining the loss from the sale of said assets by petitioner in 1928, then the adjustment of $41,461.81 is correct and shall stand; otherwise said adjustment is erroneous, and petitioner is entitled to have its taxable income corrected by the elimination of the adjustment by the respondent and its tax redetermined under Rule 50.

Since petitioner filed its income tax return for 1928, respondent has changed the method whereby petitioner determines its annual deduction for amortization of bond discount and expense. The new method was communicated to petitioner early in the year 1933, and petitioner has accepted that new method. In accordance therewith, petitioner is entitled to an additional deduction for 1928 on account of amortization of bond discount and expense and discount on bonds purchased, in the sum of $13,692.93; and the recomputation of petitioner's tax for 1928 as a result thereof shall be made under Rule 50.

The petition shall be deemed to be amended to set forth the item contained in this paragraph.

The question for determination is whether or not the cost to this petitioner, under section 113 (a) of the Revenue Act of 1928, or the basis to which the Standard Seamless Tube Co. would have been entitled under subdivision (7) of that section, should be used in the determination of gain or loss upon the sale of certain of the physical assets which it acquired from that company.

The respondent's position is that the transfer of the assets to the petitioner constituted the acquisition by one corporation of subsantially all the properties of another and therefore a reorganization within the meaning of section 112(i) (1) (A) of the Revenue Act of 1928; that immediately before the transfer petitioner acquired 100 percent of the capital stock of the Standard Seamless Tube Co. and immediately thereafter an interest in such property of 100 percent remained in the petitioner, and therefore the basis for gain or loss is determined under section 113(a) (7) of said act.

The applicable provisions of the Revenue Act of 1928 read as follows:

SEC. 113. (a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(7) TRANSFERS TO CORPORATION WHERE CONTROL OF PROPERTY REMAINS IN SAME PERSONS.—If the property was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor \* \* \*.

As we view the transaction, it is unnecessary to determine whether a statutory reorganization was effected. The additional limitation that a control in the transferred property of 80 per centum or more remain in the same persons or any of them is also necessary in order that the basis shall be the same as in the hands of the transferor. The respondent meets that requirement by considering certain phases of the transaction separately rather than viewing it as a whole. The purpose of the transaction was that the petitioner might acquire the assets of the Standard Seamless Tube Co. The plan was perfected to accomplish that result. The assets were actually transferred to the petitioner and a mortgage recorded thereon to secure a bond issue before the total consideration was paid for the stock. To treat two steps in this transaction as two separate transactions is unwarranted. *Prairie Oil & Gas Co.* v. *Motter*, 66 Fed. (2d) 309; *Carter Publications, Inc.*, 28 B. T. A. 160. After the transfer of

724

the assets to the petitioner the stockholders of the transferor did not own or control 80 percent of petitioner's stock. The exception therefore found in section 113(a)(7) to the use of cost as a basis does not apply and the respondent was in error in that determination. Depreciation should also be computed upon the basis of cost. Sec. 114 (a), Revenue Act of 1928.

*Judgment will be entered under Rule 50.*